## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| DANNY R. LOVE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-02813-SHL-tmp |
| ST. JUDE CHILDREN'S RESEARCH HOSPITAL, | ) ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation, ("Report"), (ECF No. 43), recommending that the Court grant Defendant's Motion for Summary Judgment.

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for granting summary judgment. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff filed his Objections to the Report on March 23, 2022. (ECF No. 45.) There, he includes three general areas of contention for the Court's review. (Id. at PageID 487.) First, Plaintiff identifies several "factual findings and omissions," to which he purportedly objects. These "objections" restate the Parties' undisputed facts, reassert Plaintiff's position that Defendant discriminated and retaliated against him and allege new facts regarding his workplace

concerns—but includes no specific challenges to the Report's proposed findings. Thus, these objections amount to nothing more than conclusory statements that cannot qualify as specific objections. See Slater v. Potter, 28 F. Appx. 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Second, Plaintiff asserts that Defendant denied him training opportunities that were provided to other staff members, but fails to name any staff members who were offered the training opportunities that he was allegedly denied. As the Report notes, Plaintiff has the burden to identify similarly situated female staff members who were treated differently to establish his claims. (ECF No. 43 at PageID 485.) He has not done so here.

Lastly, Plaintiff argues that the Magistrate Judge misapplied the summary judgment standard by denying him the opportunity to defend his case before a jury even though the Equal Employment Opportunity Commission (EEOC) determined that there was enough evidence to issue a Right to Sue letter under Title VII. (ECF No. 45 at PageID 489.) As an initial matter, the EEOC's letter provides no guarantee of a trial but rather is an administrative requirement that Plaintiff must meet. Moreover, Plaintiff's position confuses the liberal pleading standards applicable to a complaint with summary judgment's more stringent evidentiary hurdle. See Tucker v. Union of Needletrades, Indus., & Textile Emp., 407 F. 3d 784, 788 (6th Cir. 2005) (holding that once a case has progressed to summary judgment, the liberal pleading standards under the Federal Rules of Civil Procedure are inapplicable).

When a Motion for Summary Judgment has been filed, nonmoving parties are not entitled to trial simply because they have sufficiently alleged facts to state a cause of action. Goins v. Clorox Co., 926 F. 2d 559, 561 (6th Cir. 1991). Instead, they must present probative evidence to

support their claims and show that a genuine dispute of material fact exists.  Id.  For summary judgment purposes, "conclusory allegations, speculation, and unsubstantiated assertions are not evidence and are not sufficient to defeat a well-supported motion for summary judgment."  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).  This standard holds true regardless of a party's pro se status.  Tucker, 407 F. 3d at 788.

Here, the Magistrate Judge found that Plaintiff did not present evidence to create a genuine dispute that Defendant's non-discriminatory reason for terminating his employment, specifically his job performance, was pretextual or to establish a prima facie case of sex discrimination.  (ECF No. 43 at PageID 481-81, 486.)  Plaintiff does not specifically object to these findings, and the Court's review of the Report does not show that the Magistrate Judge improperly applied Fed. R. Civ. P. 56's standard when evaluating the merits of Plaintiff's claims.

Because Plaintiff offers no specific objections to the Report, the Court reviews it using the clear error standard and finds none.  Therefore, the Court **ADOPTS** the Chief Magistrate Judge's Report and **GRANTS** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED,** this 30th day of March, 2022.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE